# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN KIGHTLINGER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 11-936 |
| ) | |
| vs. ) | Judge Joy Flowers Conti/ |
| ) | Magistrate Judge Maureen P. Kelly |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| ) | |
| Respondent.) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (the "Petition") be dismissed and that a certificate of appealability be denied.

### II. REPORT

On June 7, 2007, Shawn Kightlinger ("Kightlinger" or "Petitioner") was convicted by a jury of two counts of possession of a controlled substance with intent to deliver and simple possession of a controlled substance. The convictions arose from two separate drug transactions. The first drug transaction occurred on September 22, 2006, and the second drug transaction occurred on October 3, 2006. The two separate incidences were consolidated for trial. At the trial, a Pennsylvania state trooper who observed the first drug transaction which occurred on September 22, 2006, testified that he observed the transaction from a school parking lot across the street from where the drug transaction took place. The state trooper testified that he saw Petitioner approach a vehicle and hand an object to the driver of the car (who was a confidential informant cooperating with the state trooper), and that the Petitioner accepted money from the

driver.

The sole issue Petitioner alleges in the Petition is that his trial counsel was ineffective for failing to call as a witness at trial his mother and to utilize photographs his mother had taken of the site where the first drug transaction occurred. The photographs allegedly proved that the state trooper could not have seen what he testified to at trial. Because Petitioner fails to carry his burden to show that the state courts' adjudication of this claim of ineffective assistance was an unreasonable application of United States Supreme Court precedent, the issue does not merit relief. Because jurists of reason would not find this disposition debatable, a Certificate of Appealability should likewise be denied.

**A. Procedural History**

Petitioner filed the Petition on July 19, 2011. However, Petitioner also filed another habeas petition in the United States District Court for the Middle District (the "Middle District Court"), attacking the same conviction as he sought to attack herein. Because Petitioner's conviction arose within the territorial confines of the Western District of Pennsylvania, the Middle District Court transferred the habeas case to this Court. <u>Kightlinger v. SCI-Dallas</u>, No. 2:12-CV-46 (filed in the Middle District Court on 8/22/2011). Given that there were now two habeas proceedings pending in this Court filed by Petitioner which attacked the same state court conviction, the Court ordered the two cases to be consolidated into the instant case and further ordered that Civil Action No. 12-CV-46 be closed. ECF No. 5. It is actually the habeas petition that was filed in Civil Action No. 12-CV-46 (ECF No. 1) that contains the sole issue of ineffective assistance of trial counsel that Petitioner raises as the grounds for relief. The Respondents filed their Answer, ECF No. 11, and addressed that sole issue of ineffective assistance of counsel,

contending that it did not merit habeas relief. The Respondents also caused the state court records to be transmitted to this Court.

**B. Applicable Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The United States Supreme Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on

3

> a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts v. Vaughn, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412; Renico v. Lett, 559 U.S. 766 (2010).

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**C. Discussion**

The sole claim Petitioner makes in the Petition is that his trial counsel was ineffective when "counsel failed to call witnesses [sic[1]] who were requested or show pictures of said crime scene." ECF No. 5 at ¶ 12. In the context of the state court proceedings, it is apparent that

---

[1] Although Petitioner uses the term "witnesses" in the plural, as raised in the state courts, the
( . . . footnote continued)

Petitioner means that his trial counsel was ineffective for failing to call Petitioner's mother as a witness to introduce the two photographs she took of the scene and in order to testify that the state trooper could not have seen what he testified to having seen.

This issue was raised by Petitioner in his Post Conviction Relief Act ("PCRA") Petition and in the appeal to the Pennsylvania Superior Court from the PCRA trial court's denial of relief. The Pennsylvania Superior Court addressed this issue on the merits as follows:

> During the trial, Pennsylvania State Trooper Michael Boltz testified to observing the first illegal transactions [i.e., the ones occurring on September 22, 2006] from a school parking lot located within close proximity to Appellant's driveway. The trooper stated that he witnessed Appellant [i.e., Petitioner] approach a vehicle in his driveway and hand to the driver, the CI [i.e., "Confidential Informant"] an object in exchange for money. The CI also testified at trial and related that Appellant dropped the drugs in his lap before accepting the money.
>
> . . . .
>
> Each of Appellant's contentions raises questions concerning the effectiveness of trial counsel   Our standard for evaluating ineffective assistance of counsel is well settled.
>
>> To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.   If a petitioner fails to plead or meet any of the above-cited test, his claim must fail.
>
> *Id*. at 1272 (citations omitted).   Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Id*. (citations and internal quotations omitted).
>
> Appellant's initial issue is that the [PCRA] trial court erred in concluding that trial counsel was not ineffective when, during the trial, counsel failed to introduce certain exculpatory photographs and call his mother, who took the pictures, to

---

only witness he complained that his trial counsel failed to call was his mother.

provide exculpatory testimony based on the photographs. Although Appellant initially couches his claim under the rubric of the failure to call a witness,[5] the crux of his position is that Appellant was prejudiced by trial counsel's failure to introduce two photographs. According to Appellant, the photographs at issue establish Trooper Boltz could not have seen Appellant's hands during the drug transaction. Further, Appellant contends that the introduction of these photographs would have forced Trooper Boltz to contradict his testimony.

> [5] There is no dispute that Appellant's mother was available to testify and that counsel knew of her existence and willingness to testify.

The PCRA court, however, which viewed the photographs, concluded that they did not foreclose Trooper Boltz from observing a hand to hand transaction and found Trooper Boltz's testimony at the PCRA hearing that he witnessed Appellant hand the CI a small item in exchange for money, credible. Having viewed the photographs and reviewed the transcripts, we find that the photographs at issue would not have automatically foreclosed the trooper from seeing a hand to hand transaction. Contrary to Appellant's assertion, the photographs do not clearly establish that the trooper's testimony was untrue. Accordingly we hold that the PCRA court did not err in finding that Appellant's first issue did not warrant relief.

Superior Court slip op. at 2 – 9.

In disposing of Petitioner's claim that his trial counsel was ineffective for failing to introduce the two photographs and call Petitioner's mother to testify to what the pictures allegedly establish, i.e., Trooper Boltz could not have seen the drug deal as he testified he did, the Pennsylvania Superior Court relied upon the test definitively announced in Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987). The Pennsylvania Supreme Court has articulated an ineffective assistance standard that requires a petitioner to demonstrate that (1) the underlying claim is of arguable merit, (2) counsel had no reasonable basis for the act or omission in question, and (3) but for counsel's act or omission, there is a reasonable probability that the outcome of the proceedings

would have been different.  Commonwealth v. Pierce, 527 A.2d at 975.[1]  This standard has been found to be materially identical to the test enunciated in Strickland.  See Werts, 228 F.3d at 203.  The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland, and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the State court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Werts, 228 F.3d at 204.

As noted previously, there are two ways in which a state court decision can be contrary to then-existing United States Supreme Court precedent:  1) for the state courts to apply a wrong rule of law; or 2) for the state courts to reach a result in a case opposite to the result reached by the United States Supreme Court where the material facts are the same.  Pursuant to Werts, we know that the state courts' disposition of Petitioner's ineffectiveness claims was not contrary to United States Supreme Court precedent in the sense that the state courts' decision applied a wrong rule of law, i.e., the standard of ineffectiveness under state law is the same as under federal law. However, it remains open to Petitioner to show that the state courts decided his case differently than the United States Supreme Court has in a case with a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13.

Petitioner has not argued and does not point to any United States Supreme Court decision, in existence at the time that the state courts rendered their decisions in this case that has a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different

---

[1]  The Pennsylvania Superior Court cited Commonwealth v. Burkett, 5 A.3d 1260, 1267 (Pa. Super. 2010) for the Pennsylvania state law test of ineffectiveness.  Superior Court slip op. at 7.

from the outcome reached by the state courts herein. Williams, 529 U.S. at 412 (analyzing whether a state court decision is "contrary to" Supreme Court precedent requires analysis of the "holdings as opposed to the dicta, of this Court's decisions as of the time of the relevant state court decision."). Hence, Petitioner has failed to carry his burden to show that the state courts' disposition was contrary to United States Supreme Court precedent. However, it remains open to Petitioner to establish that the state courts' disposition was an unreasonable application of federal law. Petitioner has not carried that burden.

Petitioner fails to show that the state courts' disposition of his claims was an unreasonable application of United States Supreme Court precedent. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). In reviewing counsel's actions, the court presumes that counsel was effective. Strickland, 466 U.S. at 689. There is no one correct way to represent a client and counsel must have latitude to make tactical decisions. Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained."). In light of the foregoing, the United States Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997)(quoting United States v. Gray, 878 F.2d 702, 711 (3d

Cir.1989)).

Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Williams, 529 U.S. at 391.

Moreover, because the Pennsylvania Superior Court addressed this claim of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA, which results in a doubly deferential standard as explained by the United States Supreme Court:

> "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ——, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —— [129 S.Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

Premo v. Moore, __ U.S. __, __, 131 S.Ct. 733, 740 (2011) (quoting Harrington v. Richter, 131 S.Ct. 770, 788 (2011)). Accord Grant v. Lockett, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the *Strickland* standard itself.' *Id.* Federal habeas review of ineffective

assistance of counsel claims is thus 'doubly deferential.' *Pinholster*, 131 S.Ct. at 1403. Federal habeas courts must 'take a highly deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'").

In rejecting Petitioner's claim that his trial counsel was ineffective for failing to introduce the photographs and the mother's testimony regarding the photographs, the Superior Court determined, as a matter of fact, that the photographs did not establish what Petitioner contended that they established, namely, that Trooper Boltz could not have seen the drug sale take place as he testified to at trial.[2] Hence, the Superior Court essentially concluded that trial counsel could not be deemed to be ineffective for failing to raise a meritless defense. This simply is not an unreasonable application of Strickland. Werts v. Vaughn, 228 F.3d at 202 ("counsel cannot be deemed ineffective for failing to raise a meritless claim"). Accordingly, Petitioner's sole issue of ineffective assistance of trial counsel issue does not merit relief.

### D. Certificate of Appealability

A certificate of appealability is required by 28 U.S.C. § 2253(c) before a petitioner who has been denied relief may appeal to a Court of Appeals. As amended by the AEDPA, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In order to make a "substantial showing of the denial of a constitutional right," the habeas "petitioner must demonstrate that

---

[2] As previously noted, the AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). Petitioner does not argue, nor could he successfully argue that the Superior Court's determination of the facts constituted an unreasonable determination of the facts in light of the evidence of record.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). It does not appear that reasonable jurists would find the recommended disposition, should it be adopted, to be debatable or wrong. Accordingly, a certificate of appealability should be denied.

### III.  CONCLUSION

Given that the Superior Court addressed Petitioner's claim of trial counsel's ineffectiveness on the merits and Petitioner has failed to show that the Superior Court's disposition of that claim was contrary to or an unreasonable application of Strickland, the Petition should be denied as should a certificate of appealability.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                 Respectfully submitted,

                 *s/Maureen P. Kelly*
                 MAUREEN P. KELLY
                 UNITED STATES MAGISTRATE JUDGE

Dated:   July 1, 2013

cc: The Honorable Joy Flowers Conti
United States District Judge

Shawn Kigthlinger
HF-0886
S.C.I. Houtzdale
PO Box 1000
Houtzdale, PA 16698

All counsel of record via ECF