# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN KIGHTLINGER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 11-936 |
| | ) | |
| vs. | ) | Chief Judge Joy Flowers Conti/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondent. | ) | Re: ECF No. 19 |

## MEMORANDUM ORDER

The petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, was filed *pro se* by Shawn Kightlinger ("Petitioner"), who was, at the time of the initiation of this case, incarcerated in the State Correctional Institute at Dallas. Petitioner has since been transferred to the State Correctional Institute at Houtzdale. ECF No. 10. Petitioner is attacking his convictions for possession of and intent to deliver drugs. The case was referred to a magistrate Judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

As explained in the Report and Recommendation (the "Report"), Petitioner initiated this petition on July 19, 2011. Petitioner, however, also filed another habeas petition in the United States District Court for the Middle District (the "Middle District Court"), attacking the same conviction he seeks to attack in this case. Because Petitioner's conviction arose within the territorial confines of the Western District of Pennsylvania, the Middle District Court transferred the habeas case to this court. Kightlinger v. SCI-Dallas, No. 2:12-CV-46 (filed in the Middle District Court on August 22, 2011). Given that there were now two habeas proceedings pending in this court filed by Petitioner which attacked the same state court conviction, the court ordered the

1

two cases to be consolidated into the instant case and that Civil Action No. 12-CV-46 be closed. ECF No. 5. The habeas petition filed in Civil Action No. 12-CV-46 (ECF No. 1), consolidated into this case, was complete and raised the specific claim Petitioner sought to have the court address.

In the Report and Recommendation, filed on July 1, 2013, the magistrate judge found that petitioner failed to show that the state courts' adjudication of the claim raised in the Petition was contrary to or an unreasonable application of United States Supreme Court precedent. ECF No. 17. Petitioner was informed that he had until July 18, 2013 by which to file objections to the Report and Recommendation. On July 10, 2103, rather than file objections, Petitioner filed a Motion for Extension of Time to file Written Objections, which was granted. ECF No. 18. On July 31, 2013, Petitioner filed his objections. ECF No. 19.

The objections do not merit the rejection of the Report and Recommendation.

Petitioner first claims that he actually raised two issues in the petition. ECF No. 19 at 3. First, Petitioner claims that his trial counsel was ineffective for failing to call his mother as a witness. Second, Petitioner claims that his trial counsel was ineffective for failing to use the photographs taken by his mother "to be used as 'material evidence' instrumental in cross-examining a crucial prosecution witness (Trooper Boltz) concerning his (prior) testimony" at the preliminary hearing. ECF No. 19 at 3. The Report accurately quoted from the operative petition that the "sole issue" that Petitioner raised was whether his trial counsel was ineffective when "counsel failed to call witnesses . . . who were requested or show pictures of said crime scene." ECF No. 17 at 4. While the Report and Recommendation referred to the "sole issue", the Report and Recommendation adequately addressed both parts of the sole issue, i.e., it addressed whether counsel was ineffective for failing to call Petitioner's mother and for failing to use the

photographs. See, e.g., ECF No. 17 at 10 ("In rejecting Petitioner's claim that his trial counsel was ineffective for failing to introduce the photographs and the mother's testimony regarding the photographs, the Superior Court determined, as a matter of fact, that the photographs did not establish what Petitioner contended that they established, namely, that Trooper Boltz could not have seen the drug sale take place as he testified to at trial. Hence, the Superior Court essentially concluded that trial counsel could not be deemed to be ineffective for failing to raise a meritless defense.") (footnote omitted). Hence, to the extent that Petitioner is suggesting that the Report and Recommendation did not address both of his claims, he is simply incorrect.

Next, Petitioner raises five new claims for the first time in his objections. First, Petitioner raises a new issue that his direct appeal counsel was ineffective. ECF No. 19 at 3 ("Due to [appellate] counsel's failures, defendant [i.e., Petitioner] was denied his constitutionally guaranteed right to effective assistance of counsel on his first appeal 'As-of Right'. . . .").

Second, Petitioner raises a new claim that "the decision of the trial court in disallowing the 'audio tape' of the preliminary hearing for the Defense to impeach the credibility of a crucial prosecution witness, was not only 'bias' but also 'contrary to and an unreasonable application of' the U.S. Supreme Court's precedent articulated in Griffin v. Illinois[.]" ECF No. 19 at 5.

Third, Petitioner raises new complaints about the PCRA proceedings. ECF No. 19 at 7 to 14.

Fourth, Petitioner raises a new claim that his trial counsel was ineffective for failing to secure a reliable transcript of the preliminary hearing. ECF No. 19 at 16 ("Had trial counsel used these photographs, which were available for the defense **AND**, secured a reliable transcript of the preliminary hearing testimony, there is a reasonable probability that the jury would have to find Trooper Boltz's testimony incredulous. . . .").

3

Fifth, Petitioner raises a new claim that even if individual errors of counsel did not cause him prejudice, the cumulative errors of counsel did so. ECF No. 19 at 17 to 18.

None of these issues, raised for the first time in Petitioner's objections, merits rejection of the Report and Recommendation. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). Accord Ward v. United States, 208 F.3d 216 (Table), 2000 WL 282648, at *1 (6th Cir. 2000); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) (district court properly ruled that issues raised for the first time in objections to magistrate's report had been waived), *overruled on other grounds*, United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992); Hubbard v. Pleasant Valley School Dist., No. Civ. A. 3:03-797, 2006 WL 42093 (M.D. Pa., Jan. 6, 2006). Were the rule otherwise, it would reduce the proceedings before the magistratejJudge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges. See, e.g., De Cuir v. County of Los Angeles, 223 F. App'x 639, 641 (9th Cir. 2007)("The district court did not abuse its discretion in declining to consider evidence De Cuir presented for the first time in his objections to the magistrate judge's report recommending summary judgment for defendants."). Indeed, "[f]or the district judge to review new evidence or arguments [raised in objections]'would reduce the magistrate's work to something akin to a meaningless dress rehearsal.'" In re Consolidated RNC Cases, 05 Civ. 1564, 2009 WL 130178, at *10 (S.D.N.Y., Jan. 8, 2009)(quoting Wong v. Healthfirst, Inc., No. 04 Civ. 10061, 2006 WL 2457944, at *1 (S.D.N.Y. Aug. 23, 2006)(some internal quotation marks omitted)). Because the proceedings before the magistrate judge must not be reduced to a mere dress rehearsal, the court finds these newly raised claims waived.

Accordingly, after *de novo* review of the Report and Recommendation and the objections

and the record of this case, it is hereby **ORDERED** that the Report and Recommendation is adopted as the opinion of this court and it is hereby **ORDERED** that the petition is dismissed. A certificate of appealability is **DENIED**. The Clerk shall mark the case closed.

*/s/Joy Flowers Conti*
JOY FLOWERS CONTI
CHIEF UNITED STATES DISTRICT JUDGE

Dated: August 21, 2013

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

     Shawn Kightlinger
     HF-0886
     S.C.I. Houtzdale
     PO Box 1000
     Houtzdale, PA 16698

     All counsel of record via ECF